1
2
3
4
5
6
IN THE UNITED STATES DISTRICT COURT
7
FOR THE DISTRICT OF ARIZONA
8
9
David Jerold Shank,                         No.  CV-15-2437-PHX-PGR (DKD)
10
                    Petitioner,
11
v.                                          **REPORT AND RECOMMENDATION**
12
Charles L. Ryan, et al.,
13
                    Respondents.
14

15
TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

16
        David Jerold Shank filed a Petition for Writ of Habeas Corpus on December 1,

17
2015, challenging his conviction in Maricopa County Superior Court for the murder of

18
Ron Hermanson.  His habeas petition raises three claims:  actual innocence, a change in

19
the law,[1] and an improper jury instruction.  As explained below, the Court recommends

20
that Shank's petition be denied and dismissed with prejudice.

21
                                   **Background**

22
        After a jury in Maricopa County Superior Court found Shank guilty of one count

23
of murder in the first degree, the Court sentenced Shank to a term of natural life in

24
November 2000. (Doc. 8, Ex. A)  Shank filed a direct appeal and the Arizona Court of

26
─────────────────

27
        [1] Shank's Petition references, without citation, *State v. Viramontes*.  (Doc. 1 at 40)
28
Respondents have concluded that this reference is to *State v. Viramontes*, 64 P.3d 188
(Ariz. 2003) (*superseded by statute as stated in State v. Montes*, 226 Ariz. 194 (Ariz.
2011)).  (Doc. 8 at 2)

Appeals affirmed his conviction and sentence.  (Doc. 8, Ex. B)  On April 16, 2002, Shank's petition to the Arizona Supreme Court was denied.  (Doc. 8, Exs. C, D)

On May 6, 2002, Shank filed a notice of post-conviction relief in Maricopa County Superior Court.  (Doc. 8, Ex. E)  After his appointed counsel found no claims for relief, Shank filed a *pro per* supplement.  (Doc. 8, Exs. F, G)  On January 22, 2003, the Court dismissed his petition.  (Doc. 8, Ex. H)  On February 27, 2003, Shank petitioned the Arizona Court of Appeals for review of the Superior Court's denial of his petition for post-conviction relief and, on April 8, 2004, the Court of Appeals denied Shank's petition.  (Doc. 8, Exs. I, J)  There is no indication in the record that Shank petitioned the Arizona Supreme Court following this denial.

On November 3, 2004, Shank filed his second notice of post-conviction relief ("Second PCR").  (Doc. 8, Ex. K)  The Superior Court dismissed his notice a few weeks later because there had not been a change in the law sufficient to excuse his untimely and successive notice.  (Doc. 8, Ex. L)  Shank moved, unsuccessfully, for reconsideration.  (Doc. 8, Exs. M, N)  Shank petitioned the Arizona Court of Appeals for review.  (Doc. 8, Ex. O)  After his petition was denied, Shank petitioned the Arizona Supreme Court for review.  (Doc. 8, Exs. P, Q)  On March 24, 2006, the Supreme Court denied his petition.  (Doc. 8, Ex. R)

On April 20, 2012, Shank filed for post-conviction relief in Maricopa County Superior Court and, in May 2012, he filed a supplemental brief ("2012 PCR").  (Doc. 8, Exs. S, T)  The Superior Court denied and dismissed his filing because it failed to state a claim for which relief could be granted in an untimely or successive Rule 32 proceeding.  (Doc. 8, Ex. U)  Shank petitioned for review and the Arizona Court of Appeals granted review and denied relief.  (Doc. 8, Ex. V, W)  Shank's petition to the Arizona Supreme Court for review was denied on December 2, 2014.  (Doc. 8, Exs. X, Y)  On December 1, 2015, Shank filed a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1)

1

**Shank's Petition is Untimely**

2      A state prisoner seeking federal habeas relief from a state court conviction is

3 required to file the petition within one year of "the date on which the judgment became

4 final by the conclusion of direct review or the expiration of the time for seeking such

5 review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during

6 the time in which a "properly filed application for State post-conviction or other

7 collateral review with respect to the pertinent judgment or claim is pending" in the State

8 courts. 28 U.S.C. § 2244(d)(2).

9      On April 16, 2002, the Arizona Supreme Court denied Shank's petition for review.

10 However, on May 6, 2002, before his conviction became final, Shank timely filed a

11 Notice for Post-Conviction Relief which initiated a tolling period. *Isley v. Arizona Dep't.*

12 *of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (tolling starts on the date that a

13 Notice is filed under Rule 32 for purposes of 28 U.S.C. § 2244(d)(2)). *See also Gonzalez*

14 *v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 653-54 (2012).

15      On April 8, 2004, the Arizona Court of Appeals dismissed Shank's post-

16 conviction relief proceedings. This means that he had to petition the Arizona Court of

17 Appeals for review by May 13, 2004. Ariz. R. Crim. P. 1.3(a), 32.9(c). He did not and

18 so his conviction became final on May 14, 2004. *Hemmerle v. Schriro*, 495 F.3d 1069,

19 1072-73 (9th Cir. 2007). ("Hemmerle's direct appeal was final upon the expiration of the

20 time for seeking review of the Court of Appeals decision in the Arizona Supreme

21 Court.") At that point, Shank's one year period for filing habeas relief began.

22      On November 3, 2004, Shank filed his second notice of post-conviction relief.

23 Assuming without deciding that the Second PCR initiated a tolling period, Shank used a

24 portion of his one year clock between the time his conviction became final and the time

25 he filed his Second PCR.[2] This tolling period ended when the Arizona Supreme Court

26 denied his Second PCR on March 24, 2006. When Shank did not petition the United

27

28      [2] By the Court's calculations, he used 173 of his 365 days between May 14, 2004, and November 3, 2004.

States Supreme Court for certiorari, the remainder of his one year period began again and ended later in 2006, well before he filed his 2012 PCR or his Petition in this Court.[3] Once his one year timeframe had expired, it could not be revived by subsequent filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").   Thus, Shank's Petition in this Court, filed on December 1, 2015, is untimely.

**Shank is Not Entitled to Equitable Tolling**

Shank's Petition remains untimely unless he can show that he is entitled to equitable tolling.  To make such a showing, Shank must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  In his petition, Shank argues that he has diligently pursued his appeal rights but was slowed by the limited law library. (Doc. 1 at 48)  His supplemental brief does not address the timing of this Petition.  (Doc. 2)  This is not sufficient grounds to show that Shank is entitled to equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (limited access to law library does not entitle habeas petitioner to equitable tolling).

**IT IS THEREFORE RECOMMENDED** that David Jerold Shank's petition for writ of habeas corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

---

[3] According to the Court's calculations, Shank's one year clock expired on October 5, 2006.  However, under these facts, the precise date is irrelevant because Shank's one year period ended well before the next time that he filed anything in state or federal court.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of April, 2016.

David K. Duncan
United States Magistrate Judge