**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Jerold Shank,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-02437-PHX-PGR (DKD)<br><br>ORDER |

　　　　Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Duncan (Doc. 9) in light of Petitioner's Formal Objection to the United States Magistrate Judge David K. Duncan's Report and Recommendation (Doc. 10), the Court finds that the Magistrate Judge correctly concluded that the petitioner's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, should be denied because it was untimely filed.

　　　　The § 2254 petition was filed on December 1, 2015. The Court agrees with the Magistrate Judge that the one-year statute of limitations of the AEDPA expired in early October, 2006, thus making the petition untimely by over nine years.

　　　　The petitioner's argument that the statute of limitations should be equitably tolled is not well-taken. The petitioner is entitled to equitable tolling of the AEDPA's

limitations period only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from timely filing his federal habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). The petitioner has not met either requirement. As the Magistrate Judge properly concluded, the petitioner's contention that the limited nature of the legal resources available to him within the state prison system prevented him from timely filing his petition is insufficient to meet his burden regarding the availability of equitable tolling, especially given that the AEDPA's limitations period had been in effect for ten years prior to the time it expired in the petitioner's case in October, 2006, and given that the petitioner was able to file substantial state post-conviction relief petitions in September, 2002 and November, 2004. *See* Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir.2009).

The petitioner's argument that the Court should reach the merits of his petition notwithstanding the AEDPA's time bar due to his actual innocence is also not well-taken.  While the Supreme Court has held that a "convincing showing of actual innocence" under the standard of Schlup v. Delo, 513 U.S. 298 (1995), can overcome the bar of the AEDPA's statute of limitations, the petitioner has not established in his petition the "rare," "demanding" and "seldom met" circumstances necessary to pass through the Schlup gateway. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). Under Schlup, a claim of actual innocence, raised for purposes of overcoming the AEDPA's limitations bar, requires the petitioner to (1) "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial" and (2) "to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

Schlup, 513 U.S. at 324 and 327.  The hearsay-based affidavits of William Shank and Sherman Bond that the petitioner attached to his petition, both of which were signed in January, 2012, are not sufficient for Schlup purposes because they do not call into question the jury's verdict that found the petitioner guilty of first-degree murder since neither affidavit in any way establishes that the petitioner did not commit the murder.  Furthermore, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite [Schlup] showing[,]" McQuiggin, 133 S.Ct. at 1935, and the twelve-year delay between the petitioner's conviction and the new affidavits is unjustified given the petitioner's failure to adequately explain the delay.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 9) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied as time-barred and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not be issued and that the petitioner is not entitled to appeal *in forma pauperis* because the dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 16th day of May, 2016.

_____
Paul G. Rosenblatt
United States District Judge